Dear Ms. Anderson:
You advise that you are currently employed as an auditor for the Webster Parish Sales and Use Tax Commission. You ask if you may run for and hold the position of Minden City Councilman. The municipality of Minden is within Webster Parish.
The provisions of our state Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., prohibit one from holding elective office and employment in the same political subdivision R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
However, the Webster Parish Sales and Use Tax Commission[1] and the municipality of Minden are separate political subdivisions as defined by R.S. 42:62(9).[2] *Page 2 
The dual officeholding statutes do not prohibit one from holding employment and local elective office in separate political subdivisions. Thus, you are not prohibited by these statutes from holding these positions concurrently.
Note that our opinion is limited to an examination of the dual officeholding laws. Since the facts addressed herein may involve the code of Governmental Ethics, R.S. 42:1111, et seq., a further opinion should be obtained from the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, Louisiana, 70808, phone 225-763-8777.
Finally, we attach a copy of Attorney General Opinion 05-0276, which reaches the same conclusion expressed herein.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL

[1] The Webster Parish Sales Use Tax Commission was created by R.S. 47:337.13 which provides in pertinent part:
A. Any sales and use tax levied by taxing authorities located within a single parish may be collected by a single tax collector for that parish.
B. In each parish, every taxing authority that levies a sales and use tax in that parish may contract and make such agreement between and among themselves with respect to the joint collection, enforcement, and administration of the sales and use taxes as may be deemed proper by their respective governing authorities. Such agreement, when concluded, shall be in writing and shall include a statement of the financial obligations of each of the parties to the agreement and may provide for the joint use of funds, facilities, personnel, or any combination thereof deemed necessary to accomplish the purposes of the agreement. No provision of such agreement shall have the effect of providing for a donation, in whole or in part, of the public funds or services of one of the parties for the benefit of the other. Such agreement may also provide for the collection, enforcement, and administration of taxes other than sales and use taxes which are levied by taxing authorities.
C.(1) Taxing authorities which levy sales and use taxes in a parish are hereby authorized to create a joint sales and use tax commission as an independent agency and instrumentality to collect, enforce, and administer the sales and use tax levied by all of the taxing authorities in that parish. The commission shall include two members appointed by each governing authority of each taxing authority which has collections equal to or greater than twenty percent of the total sales and use tax collections in the parish; however, at no time shall there be fewer than three members serving on the commission. If any parish has only one taxing authority which has collections equal to or greater than twenty percent of the total collections in the parish, one representative shall be appointed from the next largest authority to serve on the commission in addition to the two members appointed from the one authority with twenty percent of the collections or more. The expenses of the commission shall be paid by the taxing authorities appointing members to the commission on the proportional basis computed from the annual tax collections.
* * * * *
(3) The commission shall be a body corporate under such corporate name and style as shall be provided for in such agreement. It shall have the power to sue and be sued and shall continue in existence for so long as the parties to the agreement may specify and shall have such powers and duties with respect to the operation and management of the commission as may be provided for in the agreement creating the commission.
[2] (9) "Political subdivision" means a parish, municipality and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part., mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions. *Page 3 
 July 25, 2005
 OPINION 05-0276
 78 DUAL OFFICEHOLDING
 R.S. 42:63(D); R.S. 42:62(9)
Mr. Claude L. Johnson, Jr. The auditor employed by the Webster Parish Sales and Use
1313 Whispering Pines Drive Tax Commission may also hold local elected office as
Minden, Louisiana 71055 Minden City Councilman.

Dear Mr. Johnson:
You advise that you are currently employed as the auditor for the Webster Parish Sales and Use Tax Commission. You ask if you may run for and hold the position of Minden City Councilman, a municipality of Webster Parish.
The provisions of our state Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., prohibit one from holding local elective office and employment in the same political subdivision R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk or court. (Emphasis added).
However, the Webster Parish Sales and Use Tax Commission[1] and the municipality of Minden are separate political subdivisions as defined by R.S. 42:62(9).[2] *Page 4 
The dual officeholding statutes do not prohibit one from holding employment and local elective office in separate political subdivisions. Thus, you are not prohibited by these statutes from holding these positions concurrently.
Note that our opinion is limited to an examination of the dual officeholding laws. Since the facts addressed herein may involve the Code of Governmental Ethics, R.S. 42:1111, et seq., a further opinion should be obtained from the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, Louisiana, 70808, phone 225-763-8777.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] The Webster Parish Sales Use Tax Commission was created by R.S. 47:337.13, which provides in pertinent part: § 337.13. Collection of sales and use taxes by political subdivisions
A. Any sales and use tax levied by taxing authorities located within a single parish may be collected by a single tax collector for that parish.
B. In each parish, every taxing authority that levies a sales and use tax in that parish may contract and make such agreement between and among themselves with respect to the joint collection, enforcement, and administration of the sales and use taxes as may be deemed proper by their respective governing authorities. Such agreement, when concluded, shall be in writing and shall include a statement of the financial obligations of each of the parties to the agreement and may provide for the joint use of funds, facilities, personnel, or any combination thereof deemed other. Such agreement may also provide for the collection, enforcement, and administration of taxes other than sales and use taxes which are levied by taxing authorities.
C. (1) Taxing authorities which levy sales and use taxes in a parish are hereby authorized to create a joint sales and use tax commission as an independent agency and instrumentality to collect, enforce, and administer the sales and use tax levied by all of the taxing authorities in that parish. The commission shall include two members appointed by each governing authority of each taxing authority which has collections equal to or greater than twenty percent of the total sales and use tax collections in the parish; however, at no time shall there be fewer than three members serving on the commission. If any parish has only one taxing authority which has collections equal to or greater than twenty percent of the total collections in the parish, one representative shall be appointed from the next largest authority to serve on the commission in addition to the two members appointed from the one authority with twenty percent of the collections or more. The expenses of the commission shall be paid by the taxing authorities appointing members to the commission on a proportional basis computed from the annual tax collections.
* * * * *
(3) The commission shall be a body corporate under such corporate name and style as shall be provided for in such agreement. It shall have the power to sue and be sued and shall continue in existence for so long as the parties to the agreement may specify and shall have such powers and duties with respect to the operation and management of the commission as may be provided for in the agreement creating the commission.
[2] R.S. 42:62(9) provides defines "political subdivision" as:
(9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part., mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.